SHAMUSIDEEN ALABI *vs.* COMMONWEALTH. May 4, 2009. *Firearms. Moot Question. Due Process of Law*, Pretrial detainees. *Constitutional Law*, Preventive detention.

Shamusideen Alabi (defendant) sought relief under G. L. c. 211, § 3, from an order of pretrial detention under G. L. c. 276, § 58A (3), based on an indictment charging him with unlawful possession of a firearm, subsequent offense. See G. L. c. 269, § 10 (*d*). A single justice denied relief and the defendant appealed. The case is moot because the defendant pleaded guilty to this charge, but we nevertheless consider his appeal as the question is capable of repetition yet evading review. See *Mendonza* v. *Commonwealth*, 423 Mass. 771, 777 (1996).

In *Commonwealth* v. *Young*, ante 707, 715 (2009), decided today, we held that unlicensed possession of a firearm in violation of G. L. c. 269, § 10 (*a*), is not a predicate offense under the residual clause in G. L. c. 276, § 58A (1) ("The commonwealth may move, based on dangerousness, for an order of pretrial detention or release on conditions for . . . *any other felony that by its nature involves a substantial risk that physical force against the person of another may result*" [emphasis added]). The Commonwealth has not argued that a subsequent charge of unlicensed possession of a firearm under G. L. c. 269, § 10 (*d*), should be treated any differently from an alleged violation of G. L. c. 269, § 10 (*a*), under the residual clause. Looking only to the legal elements comprising a violation of G. L. c. 269, § 10 (*d*), see *Commonwealth* v. *Young, supra* at 715, the only difference between a violation of G. L. c. 269, § 10 (*a*), and a violation of G. L. c. 269, § 10 (*d*), is that in the latter case the Commonwealth also must show that the accused has a prior conviction of a violation of G. L. c. 269, § 10 (*a*), (*b*), or (*c*). This additional element does not alter our analysis as articulated in *Commonwealth* v. *Young, supra*. Therefore, a subsequent charge of unlicensed possession of a firearm does not constitute a predicate offense for purposes of G. L. c. 276, § 58A.

The judgment of the single justice denying relief under G. L. c. 211, § 3, is reversed and the pretrial detention order shall be vacated.[1]

*So ordered.*

*Elizabeth Doherty* (*Rene G. Brown* with her) for the defendant.

*C. Samuel Sutter*, District Attorney (*Rachel J. Eisenhaure*, Assistant District Attorney, with him) for the Commonwealth.

---

[1]Justice Cowin is of a contrary view for the reasons set forth in *Commonwealth* v. *Young, ante* 707, 717-721 (2009) (Cowin, J., dissenting).